**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

JUSTO PASTOR RODRIGUEZ-RODRIGUEZ, #14080-035                    PETITIONER

versus                                        CIVIL ACTION NO. 5:15-cv-51-DCB-MTP

LORETTA LYNCH, DIRECTOR CHARLES E. SAMUELS, JR.
and WARDER BARBARA WAGNER                                    RESPONDENTS

<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  On June 9, 2015, Petitioner Rodriguez-Rodriguez, a federal inmate currently incarcerated at the Adams County Correctional Center, Natchez, Mississippi, filed this *pro se* Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  After review of the Petition [1], along with the entire Court record, the Court has reached the following conclusions.

**I.      Background**

Petitioner pleaded guilty to aggravated reentry following deportation in the United States District Court for the Western District of Louisiana.  *U.S. v. Rodriguez-Rodriguez*, No. 2:08cr196 (W.D. La. Sept. 19, 2008).  As a result, Petitioner was sentenced to serve 120 months in the custody of the Bureau of Prisons (BOP), followed by a 5-year term of supervised release. Petitioner appealed his sentenced and the United States Court of Appeals for the Fifth Circuit affirmed.  *See U.S. v. Rodriguez-Rodriguez*, No. 09-30033 (5th Cir. Dec. 14, 2009).

A.      **Prior Section 2255 Motions**[1]

On November 12, 2010, Petitioner filed a *pro se* letter, which the sentencing court construed as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The Motion was denied by the Western District of Louisiana District Court. *U.S. v. Rodriguez-Rodriguez*, No. 2:08cr196 (W.D. La. Jan. 18, 2011).  On September 14, 2012, Petitioner filed a *pro se* Motion to Reopen his § 2255 Motion, which the sentencing court deemed an unauthorized second or successive §2255 Motion and dismissed without prejudice. *U.S. v. Rodriguez-Rodriguez*, No. 2:08cr196 (W.D. La. Nov. 30, 2012).  The Fifth Circuit denied Petitioner's request for a Certificate of Appealability from the district court's denial of his Motion to Reopen. *U.S. v. Rodriguez-Rodriguez*, No. 13-3011 (5th Cir. May 10, 2013).  On September 20, 2013, Petitioner filed another Motion to Reopen his § 2255 Motion, which the sentencing court denied. *U.S. v. Rodriguez-Rodriguez*, No. 2:08cr196-001 (W.D. La. Nov. 1, 2013).  The Fifth Circuit denied Petitioner's request for a Certificate of Appealability with respect to the district court's denial of Petitioner's second Motion to Reopen. *U.S. v. Rodriguez-Rodriguez*, No. 09-31227 (5th Cir. Nov. 19, 2014).

B.      **The Instant Case**

In this § 2241 case Petitioner argues that when he was sentenced he received an upward departure of 12 levels pursuant to U.S.S.G. § 2L1.2(b)(1) for unlawfully entering or remaining in the United States after being previously deported.  Pet. [1] at 4.  He further asserts that after his first § 2255 motion was decided, the Fifth Circuit changed its interpretation of that section of the

---

[1]A court may "take judicial notice of prior habeas proceedings brought by [a petitioner] in connection with the same conviction." *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976).

sentencing guidelines.  Petitioner claims that he did not "unlawfully remain" in this country within the meaning of U.S.S.G. § 2L1.2(b)(1) as now interpreted by the Fifth Circuit.  Pet. [1] at 5-7.  Petitioner contends that he is "actually innocent" of conduct warranting the departure and that his claim meets the "savings clause" of 28 U.S.C. § 2255.

## II.    Analysis

A petitioner may attack the manner in which his sentence is being executed, or the prison authorities' determination of its duration, in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). Section 2255, on the other hand, is the primary means by which a petitioner may collaterally attack the legality of his sentence.  *See Cox v. Warden, Fed. Det. Cent.*, 911 F.2d 1111, 1113 (5th Cir. 1990).  As noted by the Fifth Circuit, "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255."  *Pack*, 218 F.3d at 452 (brackets in original) (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Petitioner in this case argues that he meets an exception to the general rule.  A prisoner may resort to § 2241 if he satisfies his burden of establishing applicability of the "savings clause" of § 2255, which allows a prisoner to utilize § 2241 if § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  Since this Court is the "custodial court" for
§ 2241 purposes, it has jurisdiction to determine whether Petitioner's claim meets the savings clause.  *See Padilla v. U.S.*, 416 F.3d 424, 426 (5th Cir. 2005).

The Fifth Circuit applies the savings clause when a claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been

convicted of a nonexistent offense" and that claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Petitioner fails to meet the first prong of the savings clause.  He does not cite any United States Supreme Court case, much less one made retroactively applicable.  As noted *supra*, he argues instead that his claim meets the savings clause because the Fifth Circuit changed its interpretation of U.S.S.G. § 2L1.2(b)(1) after his first § 2255 Motion.  *See U.S. v. Nevares-Bustamante*, 669 F.3d 209 (5th Cir. 2012).  Petitioner relies on a decision of the United States Court of Appeals for the Fourth Circuit which permitted a § 2241 challenge *via* the savings clause when the petitioner could not meet § 2255 successive petition requirements because the new rule at issue was not one of constitutional law. *In re Jones*, 226 F.3d 328 (4th Cir. 2000).

        In *U.S. v. Nevares-Bustamante*, the Fifth Circuit held that a defendant is only subject to the U.S.S.G. § 2L1.2(b)(1) enhancement when a removal order was issued or reinstated after the qualifying conviction.  669 F.3d at 213.  Petitioner argues that as in the *Nevares-Bustamante* case, though he entered the country illegally, he left each time he was deported and therefore he did not "unlawfully remain" in the country within the meaning of  U.S.S.G. § 2L1.2(b)(1).   Pet. [1] at 6.  However, unlike *In re Jones*, cited by Petitioner, *Nevares-Bustamante* concerned an enhancement, not a conviction itself.  Petitioner's claim is not the same as the claim made in *In re Jones.  See Preston v. Ask-Carlson,* No. 1:13-cv-3006, 2014 WL 993419 (W.D. La. Mar. 13, 2014)(*In re Jones* applicable in limited circumstances).  Petitioner has not alleged that he was, based on a retroactively applicable Supreme Court decision, convicted of a nonexistent offense. Instead, he asserts that he is "actually innocent" of a sentencing enhancement.  Such a claim does

not satisfy the savings clause. *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000).

Nor does the fact that any additional § 2255 petitions Petitioner may file are likely to be considered barred as successive, render § 2255 an inadequate or ineffective remedy. *Kinder,* 222 F.3d at 213 (5th Cir. 2000).

**III.    Conclusion**

The Court finds that this petition asserts claims properly pursued in a § 2255 petition and Petitioner has failed to meet the requirements under the savings clause.  Accordingly, the claims presented in this § 2241 petition are dismissed with prejudice as to the jurisdictional issue and without prejudice in all other respects.  A separate Final Judgment in accordance with this Memorandum Opinion and Order of Dismissal will be issued.

SO ORDERED, this the <u>29th</u> day of July, 2015.


s/David Bramlette_____
UNITED STATES DISTRICT JUDGE